IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JOHN H. DE MEULES, | Case No. 6:14-cv-01789-SU |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

SULLIVAN, United States Magistrate Judge:

Before the Court is plaintiff John H. De Meules' unopposed Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b). (Docket No. 29). Having reviewed the proceedings below and the amount of fees sought, the Court concludes that plaintiff's attorney is entitled to fees under § 406(b), and GRANTS plaintiff's Motion. The Court approves plaintiff's attorney's request for fees of $7,935.75, minus the already-awarded Equal Access to Justice Act fees of $6,070.86, for a net award of $1,864.89 (less an administrative assessment pursuant to 42 U.S.C. § 406(d)).

Page 1 - OPINION AND ORDER

**PROCEDURAL BACKGROUND**

Plaintiff filed his application for Title II Disability Insurance Benefits ("Benefits") on February 23, 2011. Tr. 148-151. His application was denied initially and on reconsideration. Tr. 66-85. On May 20, 2013, an Administrative Law Judge ("ALJ") issued an opinion in which he found plaintiff not disabled and, therefore, not entitled to Benefits. Tr. 8-21. That decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's subsequent request for review. Tr. 1-7.

Plaintiff sought review of the Commissioner's decision by filing a Complaint in this Court on November 10, 2014. (Docket No. 1). Plaintiff argued that the ALJ erred at step two of the five-step sequential analysis for determining disability by not finding that plaintiff had a "severe" impairment; plaintiff alleged that the ALJ erred in four respects: (1) improperly considering the medical evidence, including by rejecting the opinions of a treating physician without providing specific and legitimate reasons supported by substantial evidence in the record; (2) improperly rejecting plaintiff's testimony and discounting plaintiff's credibility; (3) failing to call for a medical expert to determine when plaintiff's impairments became disabling; and (4) failing to give great weight to the Veteran's Administration's determination of disability. Pl.'s Brief (Docket No. 13), at 4-19. On September 10, 2015, the parties submitted a Stipulated Motion for Remand for further administrative proceedings. (Docket No. 19). The same day, the Court granted the Motion and entered judgment remanding. (Docket Nos. 20 & 21).

On January 22, 2016, the Court granted plaintiff's Stipulation for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (Docket Nos. 26-28). The Court awarded $6,070.86 in fees. (Docket No. 28). On November 14, 2016, the Social Security Administration ("Administration") issued a Notice of Award entitling plaintiff to Benefits,

beginning retroactively from January 2010. (Docket 29-1). The Administrate determined that plaintiff's past-due Benefits were $31,743.00. On December 5, 2016, plaintiff filed the instant Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) in the amount of $7,935.75, less the EAJA fees of $6,070.86, for a net award of $1,864.89. (Docket No. 29). The Commissioner does not oppose plaintiff's Motion.[1]

## LEGAL STANDARD

After entering a judgment in favor of a Social Security claimant represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, No. CV 07-1645-AC, 2009 WL 6067058, at *6 (D. Or. Dec. 23, 2009), *adopted* 2010 WL 1029809 (March 17, 2010) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, at 807 n.17 (2002)). A § 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Dunnigan*, 2009 WL 6067058, at *6. Accordingly, when a court approves both an EAJA fee award and a § 406(b) fee payment, the claimant's attorney must refund to the claimant the lesser of the two payments. *Gisbrecht*, 535 U.S. at 796.

## DISCUSSION

The parties do not dispute that plaintiff is the prevailing party in this matter. Additionally, the Commissioner does not challenge the amount plaintiff requests in attorney fees. Nonetheless, because the Commissioner does not have a direct stake in the allocation of

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636. (Docket No. 6).

Page 3 - OPINION AND ORDER

plaintiff's attorney fees, the Court must ensure the calculation of fees is reasonable. *See Gisbrecht*, 535 U.S. at 798 n.6 ("We also note that the Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question . . . .").

## I.    Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the Court first examines the contingent fee agreement to determine whether it is within the statutory twenty-five percent cap. 535 U.S. at 808. Plaintiff and his attorney executed a contingent-fee agreement, which provided that if his attorney obtained payment of past-due benefits, plaintiff would pay him twenty-five percent of the past-due benefits awarded. (Docket No. 29-2). The terms of this agreement are thus within the statute's limits.

The next step is to confirm that the fee requested by counsel does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to plaintiff. Plaintiff's attorney provided a document from the Administration entitled "Notice of Award," which details the retroactive benefits due to plaintiff and states that the Administration has withheld funds in reserve to pay any attorney fees awarded by the Court, which may not exceed twenty-five percent of past-due benefits. (Docket No. 29-1). Plaintiff's attorney seeks the full 25% of the amount of retroactive benefits. After determining that the fee agreement and the amount requested are in accordance with the statutory limits, the Court next turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*, 2009 WL 6067058, at *10.

## II.    Reasonableness Factors

The Court should not view an order awarding benefits in isolation, nor always presume that a fee award of twenty-five percent of a claimant's retroactive benefits award is required.

*Dunnigan*, 2009 WL 6067058, at *12.  If obtaining benefits always supported awarding fees for the maximum amount provided for by statute, the other *Gisbrecht* factors and "the trial courts' assigned task of 'making reasonableness determinations in a wide variety of contexts'" would be unnecessary.  *Id.* (quoting *Gisbrecht*, 535 U.S. at 808).  Here, plaintiff's attorney seeks twenty-five percent of the past-due benefits, which is the maximum under the statutory cap.

Plaintiff's counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807.  While the Court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected.  *Id.* at 793, 807.  The Court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel.  *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 808).  Following *Gisbrecht*, the Ninth Circuit has identified the factors a court should consider when evaluating the reasonableness of the requested fees: (1) the character of the representation, specifically, whether the representation was substandard; (2) the results the attorney achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall.  *Crawford*, 586 F.3d at 1151-52 (citations omitted).  The Ninth Circuit in *Crawford* also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a § 406(b) award.  586 F.3d at 1153.  It focused the risk inquiry, however, stating that "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case."  *Id.*

Page 5 - OPINION AND ORDER

### A. Character of the Representation

Substandard performance by a legal representative may warrant a reduction in a § 406(b) fee award. *Crawford*, 586 F.3d at 1151. The record in this case, however, provides no basis for a reduction in the requested § 406(b) fee due to the character of the attorney's representation. In fact, plaintiff's attorney prevailed by successfully arguing for a remand that resulted in the Commissioner awarding plaintiff Benefits.

### B. Results Achieved

The Court ordered a remand of plaintiff's claim for further proceedings, which resulted in an award of Benefits to plaintiff, a positive result obtained by his attorney.

### C. Undue Delay

A court may reduce a § 406(b) award for delays in proceedings attributable to claimant's counsel. *Crawford*, 586 F.3d at 1151. The reduction may be appropriate "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808 (citation omitted).

Here, plaintiff filed his Opening Brief on June 4, 2015 (Docket No. 13), two and a half months after the Commissioner answered plaintiff's Complaint (Docket No. 8), and following one unopposed Motion for Extension of Time of only fourteen days (Docket No. 10). On September 10, 2015, the parties filed a stipulated Motion for Remand, which the Court granted the same day. (Docket Nos. 19-21). The pendency of this action did not present any undue delay. Accordingly, a reduction of counsel's fee request is unwarranted under this factor.

### D. Proportionality

Finally, a district court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808).

Page 6 - OPINION AND ORDER

The Supreme Court explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

In this case, plaintiff's attorney filed an 19-page opening brief asserting four errors by the ALJ. (Docket No. 13). Plaintiff's attorney argued that the Court should order an immediate award of Benefits or, in the alternative, remand for further proceedings. The case was remanded for further proceedings, which resulted in an award of past-due Benefits to plaintiff of $31,743.00. (Docket No. 29-1). The Administration has withheld $6,000 for attorney fees. (Docket No. 29-1).

Plaintiff's attorney reports he spent 34.9 hours representing plaintiff in this matter. Pl.'s Mot. (Docket No. 29), at 3.[2] Courts in this District have routinely found it reasonable to have worked between thirty and forty hours on an average Social Security case. *See, e.g.*, *Town v. Astrue*, No. 3:10-cv-01301-AC, 2013 WL 2902633, at *4 (D. Or. June 11, 2013) (40.8 hours); *Milliron v. Colvin*, No. 3:11-cv-00656-HU, 2014 WL 3728709, at *3 (D. Or. July 25, 2014) (approximately 36 hours); *Alter v. Colvin*, No. 1:12-cv-00737-AC, 2014 WL 3486143, at *2 (D. Or. July 11, 2014) (33.2 hours).

Plaintiff's attorney seeks 25 percent, or $7,935.75, of the Benefit award in attorney fees for his representation of plaintiff before this Court. This results in an effective hourly rate of approximately $227. Courts in this district have approved hourly rates of $1,000 or more. *See, e.g.*, *Ali v. Comm'r*, No. 3:10-cv-01232-CL, 2013 WL 3819867, at *3 (D. Or. July 21, 2013)

---

[2] Along with his Motion, plaintiff's counsel has attached a time sheet for hours spent on this matter from 2014 and 2015, totaling 31 hours, prepared for counsel's December 2015 EAJA fee application (Docket Nos. 27 & 29-3); the Court presumes that the extra 3.9 hours that counsel claims here (34.9 minus 31) represent hours worked in 2016, post-EAJA application, and not reflected on that time sheet.

Page 7 - OPINION AND ORDER

(approving an effective hourly rate of $1,000); *Quinnin v. Colvin*, No. 1:12-cv-01133-SI, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (approving as reasonable "a *de facto* hourly rate for attorney time of $1,240"); *Breedlove v. Astrue*, No. 3:07-cv-1743-AC, 2011 WL 2531174, at *8 (D. Or. June 24, 2011) (approving an effective hourly rate of $1,041.84). This hourly rate is justified by the results achieved.

### E. Risk

Plaintiff's attorney references the substantial risk of nonpayment undertaken in this case as well as the potential significant delay in payment. Here, plaintiff identified four issues in the ALJ's decision, and the outcome of the case was far from assured. The Court therefore finds that the risk involved in this case was average, and no reduction of the requested fee is warranted based on the risk or complexity of the case.

## CONCLUSION

For the reasons stated above, plaintiff's Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) is GRANTED, in the amount of $7,935.75. Because plaintiff's attorney was already awarded fees of $6,070.86 under the EAJA, he shall receive the net amount of $1,864.89, less an administrative assessment pursuant to 42 U.S.C. § 406(d).

DATED this 9th day of December, 2016.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge